**RONALD MORAN CADILLAC, INC., Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 02–57052.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 3, 2004.

Filed Oct. 12, 2004.

A. Lavar Taylor, Law Office of A. Lavar Taylor, James M. Kamman (briefed), Law Office of James M. Kamman, Santa Ana, CA, for appellant.

Francesca Ugolini, Department of Justice, Tax Division, Washington, D.C., for appellee.

Before NOONAN and KLEINFELD, Circuit Judges, and WHITE,* District Judge.

WHITE, District Judge:

Ronald Moran Cadillac ("RMC") filed a claim for refund of income taxes for the year 1992 with the Internal Revenue Service ("IRS") pursuant to 26 U.S.C. § 7422 (hereinafter "I.R.C."). Six months passed without the IRS acting upon the refund claims; RMC then filed a complaint in the United States District Court for the Central District of California. The district court granted the government's cross-motion for summary judgment and entered judgment finding that RMC was entitled only to the refund that the government conceded was due for taxable year 1992. RMC timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## Facts

The facts of this case are not in dispute. Appellant RMC is the holder of a Cadillac franchise from General Motors Corporation. RMC is an accrual-basis taxpayer.[1] All of Appellant's stock is owned by Caesar Wackeen ("Caesar"), the president of Ronald Moran Cadillac. Caesar is a cash-basis taxpayer.[2] Prior to 1994, Caesar

---

* The Honorable Jeffrey S. White, United States District Judge for the Northern District of California, sitting by designation.

1. An accrual-basis taxpayer deducts an expense when the liability is accrued. 26 U.S.C. § 461.

2. A cash-basis taxpayer deducts interest in the year it is paid. Treas. Reg. § 1.461–1(a)(1).

loaned and advanced to RMC a total of $2,339,929. The loans and accrued interest were memorialized in a written consolidation note dated January 1, 1994. RMC recorded all previously accrued interest due on the note, but did not pay any such interest to Caesar. In addition, RMC did not deduct the unpaid interest on its tax return because it was barred from doing so pursuant to I.R.C. § 267(a)(2), which governs the timing of interest deductions when the interest is owed to a related taxpayer with a different accounting method.

On September 20, 1994, Caesar assigned his interest in the note, with all accrued, but unpaid interest owed, at a loss to Torrence Management Company ("TMC"). TMC is not related to either RMC or Caesar as defined in I.R.C. § 267(b). On his 1994 individual income tax return Caesar reported a capital loss of $500,000 based on the assignment of the note. RMC filed its 1994 tax return and reported a deduction totaling $1,049,657, representing all of the accrued, but unpaid, interest on the note that Caesar sold to TMC. Based on the claimed deduction, RMC alleged that it incurred a net operating loss ("NOL") of $810,0267 in 1994. RMC sought to carry back the entire 1994 NOL to 1991 and 1992.

Following consideration of RMC's 1994 tax return, the IRS determined that only the portion of accrued interest attributable to 1994 (i.e., $261,663) was allowable as a deduction because RMC was not subject to the restrictions of I.R.C. § 267(a)(2) for 1994. Accordingly, the IRS disallowed RMC's deduction of $787,994—the interest accrued in the years before 1994. Based on this determination, RMC did not have a NOL carry back to offset its 1992 tax liabilities.[3] RMC filed a claim for refund with the IRS, asserting an entitlement to the entire interest deduction in 1994, which would result in an overpayment of 1992 income taxes in the amount of $47,993.

RMC raised two issues before the district court: (1) that the entire amount of the accrued interest up to 1994 (i.e., $1,049,657) should be allowed as a deduction, and the NOL of $810,267 in 1994 should carry back to its 1992 tax liabilities ("the 1994 carry back claim"); and (2) that RMC is entitled to a refund of the 1992 taxes and interest based on a carry back of a NOL of $681,834 from 1995 ("the 1995 carry back claim"). The government conceded the merits of the 1995 carry back claim and represented that the IRS had credited the 1995 NOL to offset RMC's 1992 liabilities and abated all remaining interest accruals and penalties for 1992. The district court therefore only addressed the first claim for relief.[4] Following cross-motions for summary judgment, the district court granted the government's motion and found RMC's interpretation of I.R.C. § 267(a)(2) unsupported by a plain reading of the statute, the treasury regulation, and congressional intent. RMC timely appealed the court's finding that it is not

---

**3.** When the IRS allowed RMC the interest deduction of $261,663 for the year ending in 1994, it resulted in a NOL of $22,273 for 1994. The IRS allowed the $22,273 NOL as a carry back to 1991; however, this exhausted the available NOL from 1994 and resulted in no available NOL from 1994 to be carried back to 1992.

**4.** The district court rejected the government's argument that resolution of the 1995 carry back claim rendered the 1994 carry back claim moot. The court found that a successful result for RMC on the 1994 carry back claim would afford it a greater refund in comparison to the 1995 carry back claim and additionally would avoid "failure to pay penalties" assessed under I.R.C. § 6651(a)(3), which still existed despite a favorable resolution on the 1995 carry back claim. The government does not challenge this ruling on appeal.

entitled to a 1994 NOL carry back under I.R.C. § 267(a)(2).

## Discussion

### I. Standard of Review

] This Court reviews de novo the district court's interpretation of the Internal Revenue Code and corresponding treasury regulations. *Boeing Co. v. United States*, 258 F.3d 958, 962 (9th Cir.2001).

### II. Background

] As a general rule, I.R.C. § 163(a) allows a deduction for interest that is either paid or accrued during a taxable year. *Metzger v. Commissioner*, 76 T.C. 42, 74, 1981 WL 11233 (1981). Thus, an accrual-basis taxpayer may deduct interest that properly accrues during the taxable year, even if the interest is not actually paid during that year. I.R.C. § 461(a) & (h); *see also* Treas. Reg. § 1.461–1(a)(2). A cash-basis taxpayer may deduct interest only when it is paid. Treas. Reg. § 1.461–1(a)(1). A cash-basis taxpayer may also include interest payments as income in the taxable year in which the payments are actually or constructively received. Treas. Reg. § 1.446–1(c)(1)(i). Therefore, if an accrual-basis taxpayer owes interest payments to a cash-basis taxpayer, the accrual-basis taxpayer may deduct the interest owed as it accrues, even if not paid, but the cash-basis taxpayer will not have to report the interest income until the interest is actually paid.

Given this statutory framework, Congress has enacted certain limitations to the general rule of I.R.C. § 163 to protect against sham transactions and manipulations without economic substance. One such limitation is set forth in I.R.C. § 267. *See Metzger*, 76 T.C. at 75 (stating that

Congress enacted the predecessor of I.R.C. § 267 "to prevent the use of differing methods of reporting income for Federal income tax purposes in order to obtain artificial deductions for interest and business expenses.").

Amended in 1984, I.R.C. § 267(a)(2) provides for a matching of interest deductions and income where, in the case of related persons, the payor is an accrual-basis taxpayer and the payee is on a cash method of accounting. The purpose of the 1984 amendment was to require related persons to "use the same accounting method with respect to transactions between themselves in order to prevent the allowance of a deduction without the corresponding inclusion of income." H.R.Rep. No. 98–432, pt. 2 at 1579, 98th Cong. 2nd Sess. (1984).[5]

### III. I.R.C. § 267

#### A. Plain Meaning of I.R.C. § 267

I.R.C. § 267(a)(1) provides that "[n]o deduction shall be allowed in respect of any loss from the sale or exchange of property, directly or indirectly between persons" in certain relationships. These relationships include, among others, family members, two corporations that are members of the same controlled group, the grantors or beneficiaries of a trust and its fiduciaries, and individuals and the corporations they control. I.R.C. § 267(b). Caesar is the sole shareholder of RMC, and the parties agree that RMC and Caesar are related parties as defined in I.R.C. § 267(b). The parties additionally agree that RMC fell under the restrictions of I.R.C. § 267 during the life of the note prior to 1994. The dispute arises over the continuing applicability of that restriction imposed in prior

---

5. In fact, the Ways and Means Committee had in mind a situation similar to that present in this case when it enacted the 1984 amendment: "The failure to use the same account-ing method with respect to one transaction involves unwarranted tax benefits, especially where payments are delayed for a long period of time, and in fact may never be paid." *Id.*

years once the creditor and debtor are no longer related parties.

Appellant contends that as of the end of taxable year 1994, RMC (the debtor) and TMC (the new creditor) were unrelated parties as contemplated by I.R.C. § 267(b) and thus, all of the accrued interest on the note (including interest accrued prior to 1994), was deductible by RMC in the year that TMC acquired the note. Appellee counters that under the plain language of the statute, the interest deductions that RMC could have claimed but for I.R.C. § 267 are allowable only when the interest is includible in the gross income of TMC. Essentially, the government contends that once I.R.C. § 267 is applicable to a particular tax year, it continues thereafter to apply to that tax year and is not retroactively eliminated because the creditor/debtor relationship no longer triggers I.R.C. § 267.

The district court relied upon the statutory text of I.R.C. § 267(a)(2), supported by Temporary Treasury Regulation § 1.267–a2T(b) Question 5,[6] and agreed with the government's interpretation of I.R.C. § 267. The court reasoned that the applicability of I.R.C. § 267 is determined "at the close of the taxable year of the taxpayer," see I.R.C. § 267(a)(2), and that once I.R.C. § 267 applies to a given taxable year, the taxpayer is barred from

deducting interest expenses until "the day as of which such amount is includible in the gross income of the person to whom the payment is made." Id. This interpretation is correct.

■ The decision is controlled by well-settled principles underlying the federal tax system. First, " 'each taxable year' must be treated as a separate unit, and all items of gross income and deduction must be reflected in terms of their posture at the close of such year." United States v. Consol. Edison Co. of New York, 366 U.S. 380, 384, 81 S.Ct. 1326, 6 L.Ed.2d 356 (1961); see also I.R.C. § 461. This principle is reflected in the plain language of I.R.C. § 267(a)(2), which dictates that the applicability the section is made "at the close of the taxable year of the taxpayer." Application of I.R.C. § 267 on a year-by-year basis is consistent with the concept of annual accounting and the plain language of the statute. RMC does not point to any authority that suggests otherwise.

Second, deferred interest deductions do not amass over the years until the bar of I.R.C. § 267 is lifted resulting in the immediate deduction of the lump sum of interest accrued over multiple years. "The expenses, liabilities, or loss of one year generally cannot be used to reduce the income of a subsequent year. A taxpayer

6. Question 5 states: "If a deduction in respect of an otherwise deductible amount is deferred by section 267(a)(2) and, prior to the time the amount is includible in the gross income of the person to whom payment is to be made, such person and the payor taxpayer cease to be persons specified in any of the paragraphs of section 267(b) (as modified by section 267(e)), is the deduction allowable as of the day on which the relationship ceases?"

Answer 5: "No. The deduction is not allowable until the day as of which the amount is includible in the gross income of the person to whom payment of the amount is made, even though the relationship ceases to exist at an earlier time."

RMC challenges the district court's discussion of this Temporary Regulation as irrelevant to the situation presented by this case, or in the alternative as invalid because the regulation is merely temporary and conflicts with the statutory language. The Temporary Regulation was neither central to the district court's analysis nor necessary for resolution of this case; a plain reading of I.R.C. § 267 set in the context of the statutory framework of the Internal Revenue Code resolves the issue before the Court without necessitating reliance upon the Temporary Regulation. Accordingly, this Court need not address RMC's arguments.

may not take into account in a return for subsequent taxable years liabilities that, under the taxpayer's method of accounting, should have been taken into account in a prior taxable year." Treas. Reg. § 1.461–1(a)(3). Rather, in the event that a taxpayer discovers overlooked liabilities for a prior year, the appropriate method to claim these deductions is to file a timely claim for credit or refund. *Id.* Of course, this does not mean that RMC may never take the interest deduction; only that it must abide by the mandate of I.R.C. § 267(a)(2) and wait until "the day as of which such amount is includible in the gross income of the person to whom the payment is made." I.R.C. § 267(a)(2); *see also* Treas. Reg. § 1.461–1(a)(2)(iii) (specifically referring to, among others, I.R.C. § 267 and recognizing that certain code provisions may require liabilities to be taken into account in a later taxable year).

Application of these principles in conjunction with the plain language of I.R.C. § 267 supports the district court's ruling.

### B. On–Going Effect of Restrictions stated in I.R.C. § 267

RMC contends that the IRS has taken inconsistent stances regarding the applicability of I.R.C. § 267, and in doing so effectively supports the position advanced by RMC. However, the IRS's determination that RMC may take a deduction of interest accrued, but unpaid, during the 1994 taxable year is supported by the plain language of the statute. "[A]t the close of the taxable year of the taxpayer," *i.e.*, on December 31, 2004, the debtor (RMC) and the creditor (TMC) were not related. *See* I.R.C. § 267(a)(2). Accordingly, in 1994 the parties' relationship did not trigger I.R.C. § 267. The fact that RMC and Caesar continue to be related parties at the end of 1994 has no impact on this determination because Caesar sold the note prior to the end of the 1994 taxable year. It is the relationship of the debtor and the new creditor that controls the analysis, and not the creation of a new liability.

RMC additionally contends that the sale of the note to TMC converts the prior accrued interest into a different liability and a different accrual of all of the interest to TMC. This assertion ignores the fact that Caesar merely assigned his interest in the note and reported the transaction as generating a $500,000 capital loss on his individual income tax return. Nevertheless, even assuming the validity of the argument, RMC still may not deduct the prior accrued interest in 1994. Pursuant to the plain language of I.R.C. § 267, an accrual-basis taxpayer is converted to a cash accounting method with respect to deductions of interest owed to a related cash-basis taxpayer. Under the cash accounting method, the taxpayer may deduct interest only when it is paid. Treas. Reg. § 1.461–1(a)(1). In other words, once it is determined that the restrictions of I.R.C. § 267 apply to accrued interest, those restrictions stay in effect until the interest is actually paid. The limitations enacted by Congress in I.R.C. § 267(a) to prevent tax avoidance would not be met if the tax deductions previously disallowed could be accelerated and then taken merely upon the sale of a note, but before payment of any outstanding interest. RMC concedes that it has yet to pay any of the pre–1994 interest to either Caesar or TMC.

### C. Legislative History

Finally, the conclusion that we reach today is directed by the text of I.R.C § 267; accordingly, we need not assess the underlying legislative history. *See Ratzlaf v. United States*, 510 U.S. 135, 147–48, 114 S.Ct. 655, 126 L.Ed.2d 615 (1994) ("[W]e do not resort to legislative history to cloud a statutory text that is clear").

Conclusion

For the foregoing reasons, we affirm the district court's grant of summary judgment in favor of the government.

**AFFIRMED.**